UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

KATHLEEN CRESSON                  *        CIVIL ACTION

VERSUS                            *        NO: 06-4763

STATE FARM FIRE AND CASUALTY      *        SECTION: "D"(2)
COMPANY, ET AL


                          **ORDER AND REASONS**

    Before the court is the **"Motion to Remand Case to State Court"** filed by Plaintiff, Kathleen Cresson.  Defendant, State Farm Fire and Casualty Company, filed a memorandum in opposition.  The motion, set for hearing on Wednesday, October 11, 2006, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

    In her Katrina-related petition filed in state court on July 31, 2006, Plaintiff sues State Farm and its agent, Carl W. Mixon, "for negligence, lack of due care and breach of fiduciary duty in quoting her insurance rates, particularly on flood insurance" in August 2000 when she purchased her home.  (*See* ¶3 of Petition, Exhibit A attached to Notice of Removal).  Based on the quotes and

other information Plaintiff received from Defendants, Plaintiff allegedly did not purchase flood insurance on her home, and

> [w]hen Hurricane Katrina hit on August 29, 2005, her home was seriously flooded with about a 4 ½ waterline.  The first floor and all her contents therein were destroyed.  She estimates her damages to exceed $400,000.

(*Id.*).

In this lawsuit, Plaintiff now alleges that Defendants' insurance quotes were "improper" and the information Defendants gave Plaintiff regarding flood insurance was "bad."  (*Id.*).  And Defendants' negligence has allegedly "caused" Plaintiff to sustain "severe property damages, devaluation of her property, loss of numerous valuable personal and sentimental items, and emotional distress."  (*Id*. at ¶10).

State Farm removed the matter to this court on August 25, 2006, claiming complete diversity between Plaintiff (a domiciliary of Louisiana) and State Farm (a foreign insurer incorporated in Illinois and having its principal place of business in Illinois).  State Farm also claims (and Plaintiff does not dispute) that the amount in controversy exceeds $75,000.

As to Defendant Mixon, State Farm acknowledges that Mixon is a citizen of Louisiana, but claims that he is improperly joined because Plaintiff's claims against him are perempted under LSA-R.S. 9:5606.  (*See* Notice of Removal, ¶¶ 11-20).

2

LSA-R.S. 9:5606 provides:

A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, **in all events such actions shall be filed at the latest within three years from the data of the alleged act, omission, or neglect.**

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C. The peremptive period provided in Subsection A of this Section shall not apply in cases of **fraud**, as defined in Civil Code Article 1953.[1]

D. The one-year and three-year periods of

---

[1] Louisiana Civil Code Article 1953 provides:

**Fraud may result from misrepresentation or from silence**

Fraud is a misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

La.Civ.Code Art. 1953.

3

>> limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

LSA-R.S. 9:5606 (emphasis added).

In her Motion to Remand, Plaintiff appears to argues that Mixon is not improperly joined "if it turns out that Mixon was fraudulent in misquoting because he received a[n] unjust advantage for doing so.  La. C.C. Article 1953." (Plaintiff's Supporting Memo. at p. 4).

However, removal jurisdiction is determined by considering the claims asserted in the state court petition as they existed at the time of removal. *Manguno v. Prudential Property and Casualty Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). In the state court petition removed to this court, Plaintiff does not allege fraud. And to the extent that Plaintiff now argues in her Motion to Remand that "she also plans to ... amend [by] adding another local insurance agent party and its E&O insurance company, as well as clarifying liability,"[2] the court rejects such an argument in determining whether or not Defendant Mixon was fraudulently joined because again the court's removal jurisdiction is fixed at the time of removal.

---

[2] *See* Plaintiff's Supporting Memo. at p. 2.

Based on the facts alleged in the state court petition as it existed when the case was removed, Defendant Mixon misquoted the flood insurance premium on Plaintiff's home in August 2000[3] and Plaintiff filed this suit almost six years later, in July 2006. Thus, her alleged cause of action against Defendant Mixon "for negligence, lack of due care and breach of fiduciary duty"[4] is perempted under LSA-R.S. 9:5606.

Because State Farm has shown that there is no possibility that Plaintiff would be able to establish her cause of action against the non-diverse defendant (Mixon), the court concludes that Mixon has been fraudulently joined and his citizenship will be ignored for purposes of diversity jurisdiction.

---

[3] *See* ¶3 of state court petition, attached as Exhibit A to Notice of Removal.

[4] *Id.*

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion to Remand Case to State Court"** be and is hereby **DENIED**, as there is compete diversity between Plaintiff and State Farm.

New Orleans, Louisiana, this **5th** day of **October**, **2006.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE